IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHERRY BRUNO,<br><br>      Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social Security,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11-cv-00938-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

## I.    INTRODUCTION

This social security matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B). District Judge Clark Waddoups previously remanded the matter to the Social Security Commissioner for further administrative proceedings. (Docket Nos. 16-17.) Pending before the Court is Plaintiff's motion for attorney's fees. (Dkt. No. 18.)

## II.    STANDARD OF REVIEW FOR MOTION FOR ATTORNEY'S FEES UNDER EQUAL ACCESS TO JUSTICE ACT

Plaintiff, through her counsel Glenn A. Cook, moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"). (Dkt. No. 18.) EAJA states:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, and the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this suit.

    against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

### III.    ANALYSIS OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Plaintiff's EAJA motion asks for $2,475 in attorney's fees. (Dkt. No. 18 at 1.) Plaintiff attached her appeal fee agreement with Mr. Cook, in which she "agree[d] to assign any and all right to any attorney fees payable under the Equal Access of Justice Act to my attorney, Glen A. Cook, and hereby consent to the payment of those fees directly to my attorney . . . ." (Dkt. No. 20-1.) As such, Plaintiff requests the EAJA attorney's fees be paid directly to Mr. Cook. (Dkt. No. 20 at 2.)

Defendant does not oppose the motion for attorney's fees, but believes the award "should be made to Plaintiff, not her attorneys." (Dkt. No. 19 at 1.) Defendant argues "it would run counter to" EAJA's "directive . . . for a court to award EAJA fees payable to Plaintiff's attorney, notwithstanding the contract between Plaintiff and her attorney." (Dkt. No. 21 at 2.) Defendant also argues such an order "would violate the Anti-Assignment Act, which precludes the assignment of claims against the United States (unless the government waives its requirements)." (Id.)

EAJA's plain language provides that attorney's fees "shall" be paid to the "prevailing party." 28 U.S.C. § 2412(d)(1)(A). See Astrue v. Ratliff, 130 S. Ct. 2521, 2529-30 (2010) (Sotomayor, J., concurring) ("[T]he text of the Equal Access to Justice Act [] and our precedents compel the conclusion that an attorney's fee award under 28 U.S.C. § 2412(d) is payable to the prevailing litigant rather than the attorney.") Additionally, the Tenth Circuit has ruled that an "EAJA award

is for the prevailing party and not for the attorney." Manning v. Astrue, 510 F.3d 1246, 1252 (10th Cir. 2007).

The Tenth Circuit has also noted the prevailing party "cannot assign her right to seek attorney's fees, which is derivative of the underlying substantive action, to her attorney." Manning, 510 F.2d at 1252.  Rather, an attorney may "pursue collection of the attorney's fees" "[o]nly after the prevailing party exercises her right to seek an award of attorney's fees under the EAJA and obtains an award . . . ." Id. at 1251.  See also McGraw v. Barnhart, 450 F.3d 493, 497, 503 (10th Cir. 2006) (reiterating an EAJA "award is to the claimant, who may or may not tender that award to counsel, regardless of their agreement.").

Along the same lines, numerous district courts have used the Anti-Assignment Act[2] to bar prevailing parties from prematurely assigning their EAJA awards to their attorneys where the Commissioner has not waived the Act's provisions under 31 U.S.C. § 3716(c)(3)(B).  See Henderson v. Astrue, No. 2:08-CV-678, 2013 WL 750820, at *2 (D. Utah Feb. 27, 2013) ("[W]hile it appears that Plaintiff [] assigned his right to EAJA fees to his counsel, it is the Commissioner who determines whether to waive the requirements of the Anti-Assignment Act."); Steele-Malocu v. Astrue, No. 3:09-cv-383, 2011 WL 1743457, at *1 (S.D. Ohio May 6, 2011) (citing numerous district court cases that found EAJA fee assignments violated the Anti-Assignment Act because the assignments predated the courts' decisions granting awards).

Given the law above, the Court finds the $2,475 EAJA award must go directly to Plaintiff, rather than her counsel, Mr. Cook.  The Court further finds Plaintiff's fee agreement does not

---

[2] Relevant here, 31 U.S.C. § 3727(b) states an assignment of any part of a claim against the United States Government "may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued."

supersede the Anti-Assignment Act, which prohibits such assignments without the Commissioner's waiver, and prior to a court's decision to award EAJA fees.

### IV. ORDERS

For the reasons discussed above, the Court **ORDERS** that Plaintiff's motion for attorney's fees under the Equal Access to Justice Act is **GRANTED** in the amount of $2,475. (Dkt. No. 18.) The award should be made payable to Plaintiff, rather than Plaintiff's counsel.

Dated this 18th day of March, 2013.

_____
Dustin B. Pead
United States Magistrate Judge